The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROULA JARJOUR,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, doing business as "Mr. Cooper", a company, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, an insurance company,

    Defendants.

Case No. 2:25-cv-29-BJR

**ORDER GRANTING MOTION TO REMAND**

## I.    INTRODUCTION

Plaintiff Roula JarJour ("Plaintiff") brings this action against Nationstar Mortgage Company LLC, doing business as "Mr. Cooper" ("Cooper") and Travelers Casualty Insurance Company of America ("Travelers") (collectively "Defendants"), alleging claims for violation of the Washington Consumer Protection Act ("WCPA") and the Insurance Fair Conduct Act ("IFCA"), as well as claims for negligence, bad faith, and breach of contract. Plaintiff filed this action in Superior Court for the State of Washington, King County, and Travelers removed it to this Court pursuant to 28 U.S.C. § 1441(a). Currently before the Court is Plaintiff's motion to remand the

ORDER GRANTING MOTION TO REMAND

- 1

1  matter to state court, which Travelers and Cooper oppose. Dkt. Nos. 15, 18, and 21. Having
2  reviewed the motion, oppositions, and reply thereto, as well as the record of the case and the
3  relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision
4  follows.

## II.    BACKGROUND

6  Plaintiff owned a commercial building located in Everett, Washington. The building was
7  subject to a mortgage that was serviced by Cooper and insured by Travelers. Plaintiff claims that
8  Cooper was supposed to pay Travelers the annual insurance premium from the monthly proceeds
9  Cooper collected from Plaintiff. She further alleges that in December 2022, trespassers caused
10 property damage to the building, so she submitted an insurance claim to Travelers. Travelers denied
11 the claim, alleging that it had previously issued a notice of cancellation for non-payment of
12 premium, effective July 13, 2022. Plaintiff asserts that either Cooper failed to timely pay the
13 insurance premium on her behalf or Travelers wrongfully denied coverage, so she instituted the
14 instant lawsuit in Washington State court on November 26, 2024. Travelers removed it to this Court
15 on January 7, 2025. Plaintiff alleges that Travelers' notice of removal is procedurally defective and
16 timely filed the instant motion to remand.

## III.    LEGAL STANDARD

18 Section 1441(a) permits a defendant to remove a civil action brought in state court to federal
19 court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).
20 However, "removal statutes are strictly construed against removal … and any doubt is resolved
21 against removability." *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir.
22 2008). The defendant "always has the burden of establishing that removal is proper" and "the court
23 resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d

ORDER GRANTING MOTION TO REMAND
- 2

1039, 1042 (9th Cir. 2009). Indeed, the Ninth Circuit has clarified that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1446, removal is timely only if it occurs within 30 days "after the receipt by the defendant, through service or otherwise," of the complaint:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). In addition, where, as here, the civil action is removed solely under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id*. at § 1446(b)(2)(A). "In the Ninth Circuit, removal is procedurally defective if there is a lack of 'unanimity' between co-defendants." *Naqvi v. US Medical Home, Inc.*, 2014 WL 1338262, *1 (N.D. Cal. March 31, 2014) *quoting Hafiz v. Greenpoint Mortg, Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009).

### IV. DISCUSSION

Plaintiff alleges that Travelers' notice of removal is procedurally defective because (1) the notice was filed after the 30-day deadline for removal had expired and (2) Travelers failed to obtain Cooper's consent to remove the matter prior to expiration of the 30-day deadline. The Court will address each argument in turn.

#### A. The Removal Notice is Timely

As stated above, the notice of removal must be filed within 30 days of service of the summons and complaint on a defendant. 28 U.S.C. § 1446(b)(1). Plaintiff alleges that she arranged

for service of the summons and complaint on Travelers by sending the documents to the Office of the Insurance Commissioner for the State of Washington (the "Commissioner") on November 26, 2024 and the Commissioner issued a certificate stating that the service of process was accepted on behalf of Travelers on December 3, 2024. Plaintiff also alleges that she mailed a copy of the complaint to Travelers on the same day that she mailed the summons and complaint to the Commissioner (*i.e.*, November 26, 2024). Travelers removed this matter to federal court on January 7, 2025; therefore, Plaintiff argues, Travelers removal was untimely because it occurred 35 days after the date the Commissioner accepted service on behalf of Travelers (*i.e.*, December 3, 2024) and 42 days after Plaintiff mailed a copy of the complaint to Travelers (*i.e.*, November 26, 2024). Travelers counters that it received notice of the summons and complaint from the Commissioner on December 10, 2024 and filed the notice of removal on January 7, 2025, meaning that the notice was filed 28 days after Travelers was served, within the 30-day time limit. *See* Dkt. 20, Ex. B ("CSC Notice of Service of Process").

Travelers is a "foreign or alien insurer" within the State of Washington and, as such, is required to appoint the insurance commissioner to receive service of all legal process issued against Travelers in the state. *See Ebert v. Travelers Indemnity Co.*, 2013 WL 4827854, *1 (W.D. Wash. Sept. 10, 2013). The Washington Supreme Court has clarified that there is no other form of service on a foreign or alien insurer: "service through the [Insurance Commissioner] [is] the exclusive means of service for authorized foreign insurers in Washington." *Ohio Sec. Ins. Co. v. AXIS Ins. Co.*, 413 P.3d 1028 (Wash. 2018). Further, it is well-settled law in this district that the 30-day period for removal begins to run not with service on the Commissioner but when the insurance company's designated recipient has received the summons and complaint from the Commissioner. *See e.g. Ebert v. Travelers Indemnity Co.*, 2013 WL 4827854, *3 (W.D. Wash. Sept. 10. 2013) (finding

ORDER GRANTING MOTION TO REMAND

- 4

Traveler's received a copy of the summons and complaint the date CSC—Travelers' designated recipient—received the summons and complaint from the Commissioner); *Reger v. Century National Ins. Co.*, 2022 WL 16960530, *2 (W.D. Wash. Nov. 16, 2022) ("The thirty-day deadline for removal begins to run once the insurer receives the summons and complaint from the Commissioner."); *Capstone Training LLC v. Am. Fam. Ins. Co.*, 2020 WL 6700577, at *1 (W.D. Wash. Nov. 13, 2020) (finding the time for removal began to run when the insurer's designated recipient received a copy of the summons and complaint from the Commissioner).

Here, the Commissioner served CSC, Travelers' designated recipient, with a copy of the summons and complaint on December 10, 2024, and Travelers filed the notice of removal 28 days later on January 7, 2025. Therefore, under the established law in this district, the removal notice was timely. Nevertheless, Plaintiff urges this Court to disregard this clear precedent and instead conclude that the 30-day removal time limit began to run on November 29, 2024, which is three days after Plaintiff mailed a copy of the complaint directly to Travelers. Plaintiff points out that under 28 U.S.C. § 1446, removal is timely if it occurs within 30 days after the defendant receives "through service *or otherwise*, [] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…[.]" 28 U.S.C. § 1446(b)(1) (emphasis added). Plaintiff argues that under the federal mailbox rule, Travelers received notice of the lawsuit three days after the complaint was mailed and this satisfies the "or otherwise" provision of the removal statute. Therefore, Plaintiff argues, "the copy of the complaint sent to Travelers by letter was sufficient to trigger the commencement of the 30-day period." Dkt. No. 24 at 2.

Plaintiff's argument has been conclusively foreclosed by the United States Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In that case, the plaintiff filed its case in state court, faxed a copy of the file-stamped complaint to defendant, but did not

ORDER GRANTING MOTION TO REMAND
- 5

officially serve defendant until nearly two weeks later. The defendant removed the case to federal court within 30 days of being served but not within 30 days of receiving the faxed complaint. The plaintiff moved to remand, arguing that the removal was untimely because the 30-day period began to run when defendant received the complaint. The Supreme Court rejected this argument and unequivocally stated that the 30-day removal period does not begin to run until the defendant has been formally served. In other words, receipt of a complaint without a service of the summons is insufficient to trigger the 30-day period. *Id.* at 347-48 (defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"); *see also*, *Bradley v. Nationstar Mortgage LLC*, 2024 WL 5233107, *3 (D. Alaska Dec. 27, 2024) ("The Supreme Court has decisively interpreted [28 U.S.C. § 1446(b)(1)] to mean that the 30-day removal window will not begin running until after a party is formally served with a summons."); *Benham-Dwyer v. Neiman Marcus Group LLC*, 2025 WL 546552, *4 (N.D. Cal. Feb. 19, 2025) ("Notwithstanding the words "service or otherwise" in Section 1446(b), the Supreme Court has held that mere receipt of a copy of the complaint is not sufficient to start the thirty-day clock running.").

Based on the foregoing, this Court concludes that the 30-day period for removing this case did not begin to run until December 10, 2024—the day that Travelers' designated recipient receive the summons and complaint from the Commissioner. Therefore, Travelers' January 7, 2025 notice of removal is timely.

### B.     Copper Failed to Timely Consent to Removal

As stated above, when a civil action is removed solely under 28 U.S.C. § 1441(a) and more than one defendant has been served in the action, "all defendants" must "consent to the removal of

ORDER GRANTING MOTION TO REMAND
- 6

the action." 28 U.S.C. 1446(b)(2)(A); *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008) ("When there is more than one defendant in the action, all defendants must unanimously agree to join in or consent to removal."). This is known as the "rule of unanimity". *See Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, *3 (D. Hawai'i Oct. 24, 2017). The parties agree that Cooper was served on December 5, 2024, yet Travelers failed to obtain Coopers' consent before filing the notice of removal on January 7, 2025. Thus, Plaintiff argues, Travelers' notice of removal was procedurally defective, and this case must be remanded to state court.[1]

Defendants attempt to avoid this outcome by suggesting that Travelers was not required to obtain Cooper's consent because Cooper had not yet appeared in the case when the notice of removal was filed. Defendants misstate the law. The rule of unanimity is triggered by *service* of the summons and complaint on a defendant not by the defendant's *appearance* in a case. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("All defendants who have been 'properly … served in the action' must join a petition for removal."); *Prior v. Safco Insurance Company of America*, 2023 WL 3720649, *2 (W.D. Wash. May 30, 2023) (noting the failure to appear in a case does not excuse one from the removal requirements); *Scott v. Capital Security, Ltd.*, 2018 WL 4762148, *4 (E.D. Texas Aug. 8, 2018) (noting that while obtaining consent from a properly served defendant "who has not yet entered an appearance may prove a challenge" it did not justify "excusing [the removing defendant] from the unanimity of consent requirement"). Here, there is no dispute that

---

[1] Travelers does halfheartedly argue that Cooper was not properly served in this action because Plaintiff "has advanced no evidence that she served Cooper with the amended complaint" she filed on December 20, 2024. Dkt. No. 18 at 7. Apparently, Travelers is suggesting that the 30-day period for removal did not start until the amended complaint was served, rather than when Cooper was served with the original complaint. Travelers cites no authority for its position, which is contrary to the statute. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial* pleading setting forth the claim for relief[.]" 28 U.S. Code § 1446 (b) (1) (emphasis added). Thus, under the statute, the 30-day removal period commenced when Cooper was served with the initial complaint, not the amended complaint.

ORDER GRANTING MOTION TO REMAND

- 7

Cooper had been properly served in this lawsuit yet Travelers failed to obtain Cooper's consent before filing the notice of removal. Therefore, the notice of removal is procedurally defective. *See Lewis*, 627 F. Supp. 2d at 1182 ("Failure to comply with … the unanimity requirement renders removal procedurally defective."); *Prior v. Safco Insurance Company of America*, 2023 WL 3720649, *1 (W.D. Wash. May 30, 2023) (notice of removal procedurally defective because it failed to obtain consent of all defendants).

Defendants argue that even if the removal is procedurally defective, the defect was cured when Cooper notified Plaintiff that he consented to removal during a January 16, 2025 conference between the parties. Defendants point out that the Ninth Circuit has held that if all defendants do not join a petition for removal, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants" any time "prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002). There are several problems with Defendants argument. First, expressing consent to Plaintiff during a conference call is not sufficient evidence of consent for purposes of the removal statute. *See Dubon v. HBSC Bank Nevada, N.A.*, 2005 WL 2249902, *3 (N.D. Cal. Sept. 15, 2005) ("[W]hile courts in this and other jurisdictions differ on the question of what constitutes evidence of consent, all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves."); *Terteling v. Terteling*, 2022 WL 9327714, *3 (D. Idaho Oct. 14, 2022) (same). Thus, Cooper's expression of consent to the parties on January 16, 2025 is not sufficient for purposes of the removal statute.[2]

---

[2] The first time Cooper notified this Court that he consented to removal was on February 26, 2025 when he filed the joinder in support of Travelers' opposition to Plaintiff's motion to remand. *See* Dkt. No. 21.

ORDER GRANTING MOTION TO REMAND

- 8

Second, *Destfino* does not establish a broad rule allowing consent to removal up until the entry of judgment. *Terteling v. Terteling*, 2022 WL 9327714, *4 (D. Idaho Oct. 14, 2022) citing *Sotelo v. Browning-Ferris Industries of Ca., Inc.*, 2020 WL 7042816 *3 (C.D. Cal. Nov. 30, 2020). In *Destfino*, the district court was not confronted with a defect in removal until proceedings had progressed to motion practice and the district court declined to remand, as it had "invested considerable time and effort to decide lengthy motions on complicated pleadings." *Destfino*, 630 F.3d at 958. In rejecting the challenge to removal on appeal, the Ninth Circuit held that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Destfino*, 630 F.3d at 957 (quoting *Soliman v. Philip Morris Inc*., 311 F.3d 966, 970 (9th Cir. 2002). "*Destfino*, therefore, stands for the proposition that, to 'wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.'" *Terteling v. Terteling*, 2022 WL 9327714, *3 (D. Idaho Oct. 14, 2022) quoting *Lewis v. HSBC Bank USA, N.A.*, 2017 WL 3671279, at *10 (D. Haw. Aug. 25, 2017), report and recommendation adopted, 2017 WL 4019416 (D. Haw. Sept. 12, 2017). Such concerns do not apply here, where this case is at the nascent stage of litigation and remand will have a limited impact on the case, if any.

Lastly, *Destfino* was decided before the 2011 amendments to 28 U.S.C. § 1446 that codified the "rule of unanimity" as well as the "later-served" rule, which allows a later-served defendant the right of removal separate from that of an earlier-served defendant. The statute now explicitly allows each defendant thirty days after service to file a notice of removal. Prior to that, the unanimity rule was a judge-made rule that was subject to judge-made exceptions. *See Hauss v. Home Depot U.S.A., Inc.*, 2023 WL 5382164, *2 (E.D. Cal. Aug. 22, 2023) ("Before the 2011 amendments to the

ORDER GRANTING MOTION TO REMAND

- 9

removal statute, the rule of unanimity was a judge-made rule rather than a statutory command."). Since the unanimity rule has been codified, most courts strictly construe the statute to require that any cure in a procedural defect must happen before the 30-day removal period expires. *See, e.g.*, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2nd Cir. 2021) ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service. Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one."); *Prior v. Safco Insurance Company of America*, 2023 WL 3720649, *2 (W.D. Wash. May 30, 2023) (no exception to the unanimity rule now that it is codified in the removal statute); *Hauss v. Home Depot USA, Inc.*, 2023 WL 5382164, *2 (E.D. Cal. Aug. 22, 2023) ("Because the removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand, the court joins with district courts that have found the procedural defect in question cannot be cured after the 30-day removal period has run.") (citation omitted); *Lopez v. Michael Weinig, Inc.*, 2020 WL 4192260, *3 (C.D. Cal. July 17, 2020) ("[S]trict construction in favor of remand suggests that consent should be filed within the 30-day period for removal."); *Terteling v. Terteling*, 2022 WL 9327714, *6 (D. Idaho Oct. 14, 2022) ("Put simply, the Court finds nothing in the statute that provides the Court with any discretion to allow a party to cure a failure to meet the statute's requirements once the 30-day period for removal lapses."); *Ray v. Dzogchen Shri Singha Found. USA, Inc.*, 2023 WL 3451987, at *5 (D. Or. May 15, 2023) ("The Court rejects the argument that trial courts have carte blanche discretion to allow removing defendants to cure defects in removal through the date of judgment" and instead "agrees with the overwhelming majority of other courts in construing § 1446 as requiring some deadline for consent to removal

ORDER GRANTING MOTION TO REMAND

- 10

because, for the procedural requirements of the statute to have any meaning, there must be some deadline.").

The Court acknowledges that the Ninth Circuit has not weighed in on this issue since the removal statute was amended in 2011 and, as such, there is conflicting law on whether a procedural defect must be cured within the 30-day removal window. *See Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *3–6 (D. Haw. Oct. 24, 2017) (noting conflicting law). However, because the removal statute is strictly construed and any doubts regarding federal jurisdiction must be resolved in favor of remand, this Court concludes that the better reasoned decisions are those that conclude that a procedural defect must be cured within the 30-day removal window. Therefore, because Travelers' notice of removal was procedurally defective and not timely cured, remand is warranted.

## V.  CONCLUSION

For the foregoing reasons,

1. Plaintiff's Motion for Remand, Dkt. No. 15, is GRANTED; and

2. This case is remanded to the King County Superior Court.

DATED this 14th day of April 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO REMAND

- 11